## Gibson *vs.* Higdon.

APPEAL FROM NELSON CIRCUIT.

1. The court has the power and it is proper that it should permit an heir or distributee to be made a defendant with the executor or administrator, where it is made to appear that it is to the interest of such person to be a party. (*Sec. 35, Code of Practice.*)

2. In a suit on a note against an administrator, two of the heirs of the intestate presented a plea of *non est factum,* and swore to it, and an affidavit, stating that the administrator was not acquainted with the signature of the intestate, and for that reason would not swear to the plea of *non est factum,* and they asked that the heirs be made parties and permitted to defend. Held—that they should be made parties and allowed to defend.

This suit was brought by Higdon, in the Nelson Circuit Court, against Gore, administrator of William Gibson, on a note which purports to have been executed by William Gibson.  Two of the heirs of Gibson appeared in court and presented a plea of *non est factum,* accompanied by an affidavit stating in substance that Gore, the administrator, not being familiar with the hand-writing of the decedent, was unwilling to swear to the plea of *not est factum,* or to give his belief whether or. not the note had been given by his intestate ; and prayed the court to require them to be made defendants, and that they be permitted to defend the suit.  The court refused to do so, but rendered judgment against the administrator, and the heirs have appealed to this court.

*C. A. Wickliffe,* for appellant—

Higdon sued Gore, administrator of Gibson, on a note purporting to have been given by Wm. Gibson, for $300.  The administrator, who was not of kin to the decedent, refused to swear to the plea of *non est factum.*  Thomas Gibson, son of the decedent, swore to, and offered to file it, which the court refused to permit, unless the administrator would swear to it.

1. There may be some good reason to require the administrator to swear to such a plea when he is able to do so; but when the estate of the decedent is committed to a stranger who cannot make the oath which the law requires to such a plea, because of his lack of knowledge of the hand-writing of the decedent, there is no good reason why it should not be made by another person. In this case no good reason is perceived why the affidavit of a stranger might not be sufficient to satisfy the requirement of the law; but certainly the affidavit of a son of the supposed obligor ought to be as pursuasive as that of a stranger administrator.

2. If however the court should be of opinion that the Circuit Court decided correctly, then the counsel for appellant appeals to the Code of Practice, designed to simplify proceedings in civil cases. How far that design has been fulfilled is yet to be developed—but it would be strange indeed if there were not some good and valuable provisions in a work of so much labor of men so distinguished, combined with the legislative wisdom of the state.

One great object of that work was to prevent multiplicity of suits on the same cause of action; hence you see a constant effort to have all the persons interested brought before the court. The plaintiff may join those as plaintiff—may join as defendants those heretofore not joinable in the same suit. When he fails to do this, it may not have the effect of delaying or defeating his action as brought. The Legislature deemed it right that if the plaintiff did not bring all the parties before the court, that the safe and convenient principle of the civil law of intervention should be applied to the proceeding by ordinary petition as well as to equitable proceedings.

The 35th section of the Code of Practice was enacted for that purpose. The preceding and subsequent sections gives the plaintiff the right to join defendants or omit them when his cause of action was

complete as to one or more. The pre-existing statutes gave such right in certain specified cases.

The 35th section of the Code of Practice provides for cases like this, when a personal representative fails or refuses to defend a suit in which a judgment may affect the interest of the heir-at-law, the heir being a person who has or claims an interest in the controversy, adverse to the plaintiff may be made defendant. At whose instance? The plaintiff has elected to proceed against the administrator alone, who has no personal interest in the matter. The judgment absorbs so much of the personal estate. The heir at law perceiving this result, does not wish a judgment to pass, asks to be made a party, that he may resist an unjust demand based upon a forged note of his ancestor. This is the case in hand. It is insisted that the 35th section gives him the right to make himself a party and defend the suit. The court denied Gibson this right, and rendered judgment by default. Unless the 35th section applies to this case, it is difficult to perceive to what class of cases it does apply.

*Riley & Muir*, for appellee—

This record presents but two legal propositions:

1. Was it proper for any other person than the defendant to make oath to the answer, the defendant being in court at the time the answer was presented. The Code in force at the date of the trial in this case, *required* that the answer should be sworn to *by the defendant*, if in the county at the time ; and if not in the county then by his agent or attorney. In this case Gore, the administrator, was personally present in court when another offered to swear to the answer. This the court below refused, and as we think very properly.

2. The second proposition is, had the heirs of Gibson a right to be made defendants, upon the simple allegation that the administrator, being ignorant of the facts, was unwilling to make the neces-

GIBSON
*vs.*
HIGDON.

sary oath? The Code may be searched in vain for any such authority. By the common law no such practice ever prevailed. By the statute of 1846, session acts, page 53, if any heir, distributee, or devisee made oath that the executor or administrator of any decedent was prosecuting or defending a suit "in bad faith, and to the prejudice of the estate represented by the executor or administrator, and thereupon moved the court to permit him to prosecute or defend such a suit, he was allowed to do so." Here no charge of bad faith is made against the administrator; and even if such charge had been made the statute above referred to has been repealed. We perceive no error, and ask that the judgment be affirmed.

January 5.

Judge CRENSHAW delivered the opinion of the Court.

Higdon sued Gore as administrator of Wm. Gibson, deceased, in the county of Nelson, upon a note averred to have been executed by the said Wm. Gibson in his lifetime. Two of the heirs of Gibson appeared in court, and presented and swore to a plea of *non est factum*, and prayed the court to have all the heirs of Gibson made defendants to the suit, stating in an affidavit that Gore, the administrator, was not familiar with the hand-writing of the decedent, and, on that account, would not swear to a plea of *non est factum*, or give his belief whether the note was genuine or not, as he knew nothing of the transaction, and refused to defend, and thereupon all the heirs moved the court, for the reason set forth in said plea and affidavit, to allow them to be made defendants to the suit, and to file said plea, and to defend the suit. But the court overruled the motion, and rendered judgment upon the note against the administrator.

1. The court has the power and it is proper it should permit

Title 3rd, chapter 1st, section 35th of the Code of Practice, contains this provision: "Any person may be made a defendant, who has, or claims an interest in the controversy, adverse to the plaintiff, or who is

a necessary party to a complete determination and settlement of the question involved in the action."

We do not suppose that this provision was intended to leave it altogether to the discretion of the plaintiff whether such person as is mentioned in said section should be made a defendant or not, but that by it authority was conferred upon the courts to cause such person to be made a defendant.

The legislature, deeming it good policy, enacted in 1846, that any heir, devisee, or distributee, who made oath that the executor or administrator of a decedent was prosecuting or defending a suit in bad faith, might be permitted to prosecute or defend the same. And this policy, we presume, was intended to be preserved by the Code. There is no intimation, it is true, that the administrator, in this case, refused in bad faith to defend the suit, nor do we suppose there was the slightest ground for any such intimation. But the mischief to be remedied exists as well in the state of facts made out in the affidavit of the heirs, as if it had been charged that the administrator refused to defend *in bad faith*. And the above provision enlarges the privilege of persons not made defendants of becoming so.

We think that the court, upon the affidavit filed by the heirs, should, in the exercise of a sound discretion, have required them to be made defendants to the suit, and have permitted the plea to be filed.

Wherefore, the judgment is reversed, and the cause remanded, that the heirs of William Gibson, unless they shall decline to do so, be made defendants to the suit, and be allowed to defend.